# 48   PEOPLE ex rel. HOVEY v. LEAVENWORTH.

The People of the State of New York ex rel. Mary E. Hovey, Relator, v. Henry Leavenworth and Others, as Town Auditors of the Town of Lindley, Steuben County, New York, Respondents.

The People of the State of New York ex rel. Harlo Carpenter, Relator, v. Henry Leavenworth and Others, as Town Auditors of the Town of Lindley, Steuben County, New York, Respondents.

*Veterans — relief by towns upon orders of the G. A. R. — statute strictly construed — claim should show details — town auditors and the town board are separate bodies.*

Chapter 261 of the Laws of 1888, conferring upon the commander of a post of the Grand Army of the Republic power to issue orders under which a town must provide and pay the sums mentioned in the order to indigent veterans of the Civil War, should be strictly construed, for the reason that the relief committees appointed by the commanders to report whether such relief should be granted are not responsible to the residents of the locality for their action, nor for the manner in which they discharge their duties, and no safeguard against fraud or extravagance is provided in the statute.

Under the Town Law (Chap. 569 of the Laws of 1890) the town auditors and the town board are different bodies; while the board of town auditors has the power of the town board in respect to auditing, allowing or rejecting claims, it has not the power to pay them.

A woman presented to the board of town auditors a claim for the board of a veteran, under an order issued by the commander and quartermaster of a post of the Grand Army of the Republic, for seventy-five dollars for food, care and assistance furnished to the veteran during and about the month of July, 1893. No detailed statement was furnished either as to the food, care or assistance, or as to the price charged per day or week, or as to the length of time the veteran had been boarded or cared for. The services, apparently, were rendered prior to the time of the recommendation of the relief committee under which they purported to have been furnished. It also appeared that the claimant was the wife of a member of the relief committee of the post, and that the veteran had received, in addition to the relief mentioned in this claim, other very substantial relief just prior to the period for which the present claim was made.

*Held,* that the auditing board of the town was justified in rejecting the claim.

Certioraris issued out of the Supreme Court and attested on the 23d day of January, 1895, directed to Henry Leavenworth, Frank Camp and Theodore Harrison, composing the board of town auditors of the town of Lindley in Steuben county, New York,

directing them to certify and return to the office of the clerk of the county of Steuben all and singular their proceedings, decisions and actions in the premises in relation to the claims of Mary E. Hovey and Harlo Carpenter, and all actions in relation thereto by said board to the end that said decisions and actions might be reviewed and corrected by the court.

The first above-entitled proceeding was brought to review the ·action of the defendants as town auditors of the town of Lindley, Steuben county, in rejecting and disallowing an account of seventy-one dollars presented to them by the relator for audit and payment. The account was for relief alleged to have been furnished to one Jerry Gleason, an indigent and suffering soldier of the War of the Rebellion.

The defendants Leavenworth and Camp made return to the writ. The defendant Harrison made no return, for he had before the service of the writ removed from the State and ceased to be a member of the board. The relator alleged in her petition that she caused to be presented to the defendants on or about November 8, 1894, a claim against the town of Lindley for the care, board and attendance of one Gleason, who was a suffering and indigent soldier of the War of the Rebellion and that her claim was improperly and unjustly rejected and disallowed by said board; that the claim was duly proved, and was evidenced by the recommendation of the relief committee appointed for the town of Lindley, and was ordered to be paid by the commander and quartermaster of W. W. Angle Post No. 372, Grand Army of the Republic, located at Addison, Steuben county, the nearest post to the town of Lindley, and the only post which had undertaken to care for indigent or suffering soldiers in said town.

It was further stated in the petition that a notice was duly filed in the clerk's office in the town of Lindley that said post had undertaken the care of such soldiers, and of the appointment of a committee for their relief; that the petitioner and Gleason both resided in the town of Lindley, and that the relief furnished to Gleason was necessary; that he was, at the time, indigent, sick and suffering; that he had been a soldier of the late war and had been a resident of the State for more than a year at the time the relief was

furnished; that the relief was furnished pursuant to vouchers which were attached to the petition, which vouchers consisted of two recommendations of John F. Gibson and Jerome B. Hovey, relief committee, dated Lindley, New York, July 28, 1893, one recommending that relief to the amount of seventeen dollars, and the other that relief to the amount of fifty-four dollars be furnished to Jerry Gleason, an indigent and suffering soldier who had served in the War of the Rebellion, and also had been a resident of the State for more· than a year, and was a resident of the town of Lindley, and also two orders purporting to be signed by B. C. Gardner, commander, D. O'Keefe, quartermaster, W. W. Angle Post No. 372, G. A. R., on the town of Lindley, for said sums of seventeen dollars and fifty-four dollars, to be paid to the holders thereof.

The petition was duly verified. Upon this petition a writ was issued, directing the defendants to certify their proceedings in refusing to audit and allow said claims. The defendants made a return to the writ, stating in effect that the claim was presented to the board; that they duly investigated and rejected it on the 9th day of November, 1894; that their rejection of the claim was founded or based principally upon the following facts: That upon the 10th day of June, 1893, a notice was filed in the clerk's office of the town of Lindley by B. C. Gardner, to the effect that he was commander of W. W. Angle Post No. 372, before mentioned, and that that post was located in the town of Addison, in said county, and that said post intended to undertake the relief of indigent soldiers, sailors, etc., as is provided for by chapter 261 of the Laws of 1888, and that John F. Gibson, Jerome B. Hovey and William E. Wilson, members of said post, but residents of said town of Lindley, had been appointed relief committee for said town; that there was no post of the Grand Army of the Republic in the town of Lindley; that no other paper was by said post filed in said clerk's office during the year 1893, except when said board met, November 9, 1893. Jerome B. Hovey, instead of Mary E. Hovey, presented to said board the same claim hereinbefore mentioned, unverified; that in November, 1893, a certificate was presented to said board of auditors of the town of Lindley by said Gardner, commander, and Edward P. Seaman, adjutant, of said W. W. Angle Post, which stated that said post had undertaken the relief of indigent soldiers, etc., in said

town of Lindley, and that the sum of $200 was necessary or would become necessary for the purpose aforesaid for the current year of 1893 and 1894, and requested the board of said town to audit said amount at their annual meeting in 1893.

The relator's claim as presented was in the words and figures following:

" Town of Lindley to Mary E. Hovey, Dr., for food, care and attendance furnished Jerry Gleason, an indigent and suffering soldier of the War of the Rebellion, during and about the month of July, 1893, upon the order of B. C. Gardner, commander, and D. O'Keefe, quartermaster, of W. W. Angle Post 372, Grand Army of the Republic, $71.00."

The bill was verified by Jerome B. Hovey only; it was further stated in the return that the board had investigated the claim and learned that Gleason was drawing a pension of at least ten dollars per month at the time the relief was claimed to have been furnished; that he was a citizen of the town of Addison, was a single man with no one but himself to support; was a blacksmith by trade, and had received in the latter part of April, 1893, the sum of seventy-nine dollars for work performed by him as a blacksmith; that of the pension money Jerome B. Hovey had received thirty dollars; that Gleason was never in the town of Lindley to board or work until he came there to work as a blacksmith in February, 1893, but had a residence and settlement in the town of Addison; that the relator is the wife of Jerome B. Hovey, and lives with and keeps house for him, and has no other home or separate estate of her own; and that the claim, if any exists, is the property of her husband; that the board of auditors had no notice or knowledge of the items of the claim, or what prices were charged for the relief furnished to Gleason; that the post commander in October, 1894, filed a notice or detailed statement, as provided by law, in which it was stated that the amount of the bills for relief to soldiers in the town of Lindley for the preceding year, and the names of the persons furnishing such relief, were: Harlo Carpenter, $98; Jerome B. Hovey, $71; Dr. A. A. Aldrich, $42; in all, $211; and that the amount recommended as necessary for the next current year, 1894–95, was $189.25.

The auditors, after rejecting said claim, completed their labors and adjourned *sine die.* The return further stated that the relator's

claim was fairly and honestly considered and audited, and rejected by·said board both on the facts·and the law.

Among the items of relief furnished during the years 1894–95, was one of ninety dollars in favor of John F. Gibson, who was a member of the relief committee.

The second above-entitled proceeding was submitted, without argument, with the case of the relator Hovey.

*H. W. Sanford*, for the relators.

*Gabriel L. Smith*, for the defendants Leavenworth and Camp.

LEWIS, J.:

Chapter 261 of the Laws of 1888 was enacted for the purpose of furnishing relief to indigent and suffering soldiers, sailors and marines who served in the War of the Rebellion who might need assistance.. To that end it was provided in said act that the proper auditing board of any town where the poor are supported by the town instead of the county, shall provide such sum or sums of money as may be necessary to be drawn upon by the commander and quartermaster of any post of the Grand Army of the Republic in said town; or, if there is no post in said town, then by the commander and quartermaster of the post located nearest to the city or town, upon the recommendation of the relief committee of said post, in the same manner as is now provided by law for the relief of the poor, provided the soldier is and has been a resident of the State for one year or more, and the orders of said commander and quartermaster shall be the proper vouchers for the expenditure of said sum or sums of money. ᵤ Section 2 provides that in case there be no post of the Grand Army of the Republic in any town in which it is necessary that such relief as provided for in section 1 should be granted, the town board of said town shall accept and pay orders drawn by the commander and quartermaster aforesaid located in the nearest city or town, upon the recommendation of the relief committee, who shall be residents of the town in which such relief may be furnished. It is provided by section 3 of said act that the commander of any post which shall undertake the relief of indigent veterans, before the acts of the commander and quartermaster may become operative in any town, shall file with the town clerk of said town

a notice that said post intends to undertake such relief, giving the names of the relief committee, and the commander is required annually, during the month of October, to file a similar notice and also a detailed statement of the amount of relief furnished during the preceding year, with the names of the persons to whom such relief shall have been furnished, together with a brief statement in each case from the relief committee upon whose recommendation the orders were drawn.

The execution of the laws of our State providing for the relief of the poor is generally confided to officials selected by the electors of the town or county, as the case may be, and as these officials derive their authority from the electors of the town, they naturally feel a degree of responsibility to discharge the duties of their office with due regard to the interests not only of those who may need assistance, but also in the interests of their constituents, many of whom contribute as taxpayers to raise the funds appropriated for such relief.

By this act of 1888 members of relief committees are appointed by the commanders of Grand Army posts. In this case the commander making such appointment was not a resident of the town of Lindley. Committees thus appointed are not responsible to the residents of the locality for their appointment nor for the manner in which they discharge their duties. No safeguards against fraud or extravagance in ordering relief seem to be provided for in said act. Neither the officers of the Grand Army nor the committee of relief are public officers, neither do they act under the sanction of any official oath. It was said by Judge EARL in the case of *The People ex rel. Crammond* v. *The City of Rome* (136 N. Y. 494), in construing this statute, that "such an extraordinary statute, which thus places the public money at the uncontrolled disposal of irresponsible persons not chosen by the people or appointed by any public body, or under the control of any public officer, should, so far as possible, be limited in its operation and scope, and public policy requires that it should be strictly and narrowly construed."

We are required to determine this case upon the petition, writ and return. (Code Civ. Proc. § 2138.) The board, in considering and rejecting this claim, were called upon to act upon the facts presented to them. The account presented by the relator was for

seventy-one dollars, which, as was alleged in the account, was for food, care and assistance furnished Gleason during and about the month of July, 1893. The recommendations of the relief committee, upon the strength of which the relator claims to have furnished the relief, each bore date July 28, 1893; the orders upon the town to pay the sums mentioned bore the same date, which was presumably subsequent to the time the relief in question was furnished the soldier. The relator failed to furnish any detailed statement of what food, care and assistance she had furnished, what price she had charged per day or week, or what length of time she had boarded and cared for Gleason. No detailed account, so far as appears, was kept by the relator of her services and care.

It was made to appear to the board that Jerome B. Hovey, the husband of the relator, had presented in his own behalf a claim to the board for the same amount in 1893, which they rejected. It further appeared that John F. Gibson had a bill for relief furnished this same soldier, during the months of May and June, 1893, of ninety dollars. Both Hovey and Gibson were members of the relief committee for the town of Lindley for the years 1893 and 1894. It was made to appear to the board that these two members of the relief committee had furnished relief which, as such committee, they had recommended.

The error of the board complained of by the relator consisted in rejecting and disallowing her account. It may well be doubted whether, under the act in question, they had, as the auditing board of that town, the authority to allow and pay her claim. By section 1 of that act, the only duty the auditing board is required to perform is to provide such sum or sums of money as may be necessary, to be drawn upon by the commander and quartermaster of the Grand Army post. It is provided by section 2 that "in case there be no post of the Grand Army of the Republic in any town in which it is necessary that such relief as provided for in section 1 should be granted, the town board of said town * * * shall accept and pay the orders drawn." The town auditors and the town board are two different bodies. The town board consists of the supervisor, town clerk and justices of the peace, or any two of such justices. (Laws of 1890, chap. 569, § 160.) Sections 172 and 173 of said act provide for the election of a town board of auditors,

consisting of three members; while, by section 174, the board of auditors is vested with the power of the town board with respect to auditing, allowing or rejecting claims. The power to pay claims does not seem to have been conferred upon them.

The case of *The People ex rel. Harlo Carpenter* v. *The Same Defendants, as the Board of Town Auditors, etc.*, was submitted without argument with the case of the relator Hovey. Carpenter's claim was for food, care and assistance furnished the same Jerry Gleason during the months of May and June, 1893, upon the order of the same commander and upon the recommendation of the same committee. There were two recommendations in *Carpenter's* case; the first one was dated July 27, 1893, and called for relief to the amount of seventy dollars. Indorsed upon this recommendation was the order of the commander and quartermaster for that amount. The second recommendation of the relief committee was dated July 27, 1893, and recommended relief to Gleason to the amount of twenty-eight dollars, upon which was indorsed the order of the commander and quartermaster upon the town for that amount. There was a failure in this as in the *Hovey* case to state the items in the account. The claim was for food and attendance furnished to the same Mr. Gleason during the months of May and June, and amounted to ninety-eight dollars. So that the auditors were informed that it was claimed that relief had been furnished to Gleason during the months of May, June and July, amounting in all to $169, to a man who was at the same time in the receipt of a monthly pension of $10, and who had in the month of April of that year received for his labor the sum of $79, making in all $278 for his support for a period of less than 100 days, being at the rate of about three dollars per day.

If town auditors are to be compelled to audit such bills upon such evidence, the act under review will furnish a fruitful field for fraud and extortion.

We think the defendants, upon the facts presented to them, were justified in refusing to allow the claims.

The writs in both cases should be dismissed, but without costs.

WARD and DAVY, JJ., concurred; BRADLEY, J., not voting.

Writs of certiorari dismissed in both cases, without costs.